IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT ALLEN GATTIS, | ) |
| Petitioner, | ) |
| v. | ) Civ. No. 97-619-SLR |
| | ) **DEATH PENALTY** |
| ROBERT SNYDER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE | ) |
| Respondents. | ) |

---

Julie C. Brain, Chief, Capital Habeas Unit, Delaware Federal Public Defender, Wilmington, Delaware; and Michael Wiseman, Helen Marino, Claudia Van Wyk, and Andrew L. Harris, of the Federal Community Defender Office for the Eastern District of Pennsylvania, Capital Habeas Unit, Philadelphia, Pennsylvania. Attorneys for petitioner.

Gregory Smith and Elizabeth R. McFarlan, Deputy Attorney Generals, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

February 24, 2010
Wilmington, Delaware

**ROBINSON**, District Judge

## I. INTRODUCTION

Presently before the court is Robert Allen Gattis' ("petitioner") motion to reopen his prior federal habeas proceeding filed pursuant to Federal Rule of Civil Procedure 60(b)(6). (D.I. 56) Petitioner is a Delaware inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss his motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 1992, a Delaware Superior Court jury convicted petitioner, inter alia, of murdering Shirley Slay. He was sentenced to death. Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentence. *See Gattis v. Snyder*, 46 F. Supp. 2d 344, 348 (D. Del. 1999).

In 1995, petitioner filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). Among other allegations, petitioner asserted that his attorneys were ineffective at the guilt-innocence phase of his trial for failing to adequately: (1) determine and develop petitioner's version of the facts; (2) investigate the relevant facts; (3) interview the relevant witnesses; and (4) use available means of discovering available exculpatory evidence. The Superior Court initially denied the ineffective assistance of counsel claim on August 24, 1995, but later granted re-argument, in part, and held a hearing on trial counsel's alleged failure to conduct an adequate investigation of the "accidental shooting" defense theory. *State v. Gattis*, 1995 WL 790961 (Del. Super. Dec. 28, 1995). The Superior Court then denied petitioner's Rule 61 motion. *Id.*

Petitioner appealed. The Delaware Supreme Court heard oral argument and remanded the matter for further factual findings and conclusions of law on two issues: (1) whether the State's theory of the homicide was possible; and (2) whether the State improperly excluded a potential juror for gender-related reasons. *See Gattis*, 46 F. Supp. 2d at 348. The Superior Court judge denied issue number two without a hearing, and denied issue number one after conducting an evidentiary hearing. The Delaware Supreme Court affirmed the Superior Court's denial of petitioner's Rule 61 motion. *Id.*

In November 1997, petitioner filed an application for writ of habeas corpus in this court, alleging, in addition to other claims, the same ineffective assistance of counsel claims raised in the Delaware State Courts. In March 1999, the Honorable Roderick R. McKelvie denied the application in its entirety, but issued a certificate of appealability on several claims, including the ineffective assistance of counsel claim alleging inadequate investigation of the "accidental shooting" defense. *Id.* Petitioner appealed, and the Court of Appeals for the Third Circuit affirmed the denial of the § 2254 application. *Gattis v. Snyder*, 278 F.3d 222 (3d Cir. 2002). Petitioner sought, but was denied, certiorari review in the United States Supreme Court. *Gattis v. Snyder*, 537 U.S. 1049 (2002).

Thereafter, petitioner filed a second Rule 61 motion in the Delaware Superior Court in April 2002, seeking application of the then-recent decision of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) to his case. Petitioner amended the Rule 61 motion to include the claim that the Superior Court had inappropriately denied the ineffective assistance of counsel claim he raised in his first Rule 61 motion by applying the

prejudice standard announced in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), rather than the prejudice standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1964). The Superior Court denied the second Rule 61 motion, and the Delaware Supreme Court affirmed that judgment on post-conviction appeal. *State v. Gattis*, 2005 WL 3276191 (Del. Super. Ct. Nov. 28, 2005); *Gattis v. State*, 955 A.2d 1276 (Del. 2008). The United States Supreme Court denied certiorari on January 12, 2009. *Gattis v. Delaware*, 129 S.Ct. 914 (2009).

On May 7, 2009, petitioner filed in the Third Circuit Court of Appeals an application for leave to file a second or successive habeas application. *In re: Gattis*, Civ. A. No. 09-9002. In the application, petitioner argued that trial counsel failed to investigate the viable defense of extreme emotional disturbance and he failed to present the compelling evidence of that defense that would have resulted from reasonable investigation. *Id.* The Third Circuit denied that application on May 28, 2009, because "the entire basis for both petitioner's application and the claim he seeks to present in a new § 2254 petition is that the factual predicate for his new claim was indeed previously discoverable through the exercise of due diligence," thereby failing to satisfy the requirement of 28 U.S.C. § 2244(b)(2)(B)(i) that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." *In re: Gattis*, Civ. A. No. 09-9002, Order (3d Cir. May 28, 2009).

On May 21, 2009, petitioner filed a pro se motion pursuant to Federal Rule of Civil Procedure 60(b), asking the court to re-open his prior federal habeas proceeding, *Gattis v. Snyder*, Civ. A. No. 97-619. (D.I. 56) Petitioner also filed a motion requesting

representation by counsel, which the court granted on May 29, 2009. (D.I. 59) Petitioner, now represented by counsel, filed the pending Rule 60(b)(6) motion in September 2009, to which the State filed an answer in November 2009. (D.I. 62; D.I. 64) Petitioner filed a response on January 8, 2010. (D.I. 65) The Rule 60(b)(6) motion is ready for review.

## III. RULE 60(b) MOTION OR SECOND/SUCCESSIVE HABEAS PETITION

Federal Rule of Civil Procedure 60(b)(6) permits a party to seek relief from a final judgment, and request reopening of his case, "when the movant shows any . . . reason justifying relief from the operation of the judgment other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); Fed. R. Civ. P. 60(b)(6). When, as here, a court is presented with a petitioner's Rule 60(b) motion after it has denied the petitioner's federal habeas application, the court must first determine if the Rule 60(b) motion is a true Rule 60(b) motion, or whether it constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Pridgen v. Shannon*, 380 F.3d 721, 726-27 (3d Cir. 2004).

A Rule 60(b) motion constitutes a true Rule 60(b) motion in two situations: (1) when it challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) when it challenges a defect in the integrity of the federal habeas proceedings, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas application. *Gonzalez*, 545 U.S. at 532 & n.4. In contrast, a Rule 60(b) motion

constitutes a second or successive habeas application when, in substance or effect, it asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. *Id.* at 538. Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a successive habeas application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## IV. DISCUSSION

As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). Under the first *Strickland* prong, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. The second *Strickland* prong requires the petitioner to demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), nine years after *Strickland* was decided, the Supreme Court articulated a heightened prejudice standard, requiring a petitioner to show that the result of the proceeding was fundamentally unfair or unreliable. It was not until 2000 that the Supreme Court clarified that *Lockhart*'s

"fundamental fairness" standard supplements the ordinary *Strickland* prejudice inquiry only when relying on "mere outcome determination" would grant a windfall to the defendant, such as when the law has changed after counsel's allegedly deficient performance. *Williams v. Taylor*, 529 U.S. 362 (2000).

In his Rule 60(b)(6) motion, petitioner contends that the Delaware State Courts and this court adjudicated his ineffective assistance of counsel claim during a period of confusion about the appropriate standard for assessing *Strickland* prejudice, and applied the erroneous standard under *Lockhart*. (D.I. 62, at p. 6) Petitioner argues that the application of the *Lockhart* standard to determine prejudice constituted a "defect in the integrity of the proceedings" within the meaning of *Gonzalez* and its progeny, thereby demonstrating that he has presented a true Rule 60(b) motion, rather than a second or successive habeas application. *Id.* at pp. 12-18.

After reviewing the instant Rule 60(b)(6) motion pursuant to the aforementioned precedent, the court concludes that petitioner has not presented a "true" Rule 60(b) motion within the meaning of *Gonzalez*. In *Gonzalez*, the Supreme Court explained that the phrase

> "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254 (a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Gonzalez*, 545 U.S. at 532 n.4 (internal citations omitted). Distilled to its core, petitioner's argument that Judge McKelvie applied the incorrect prejudice standard in

denying his ineffective assistance of counsel claim amounts to an argument that Judge McKelvie's decision was either contrary to, or involved an unreasonable application of, *Strickland* under § 2254(d)(1). As a result, reviewing petitioner's argument would inextricably lead to a merits-based resolution of petitioner's prior application. *See, e.g., Thompson v. Wydner*, 2008 WL 336311 (E.D. Pa. Feb. 1, 2008)(petitioner's argument that the federal magistrate judge erred in applying *Strickland* constituted a second or successive habeas application, not a true Rule 60(b) motion); *Espinoza v. United States*, 2009 WL 196265 (D. Utah Jan. 26, 2009)(holding that a successful challenge to the standard applied to petitioner's ineffective assistance of counsel claim would "inextricably lead to an attack on a merits-based resolution of the underlying habeas petition" and, therefore, petitioner's challenge constituted a second or successive habeas application). Accordingly, the court concludes that the instant Rule 60(b)(6) motion is actually a second or successive habeas petition within the meaning of AEDPA.

The record reveals that petitioner has not obtained authorization from the Third Circuit to file a second or successive habeas application. Accordingly, the court will deny the instant Rule 60(b)(6) motion/successive habeas application for lack of jurisdiction.

**V. CERTIFICATE OF APPEALABILITY**

The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2(2008). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a

constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, the court concludes that petitioner's Rule 60(b) motion constitutes a second or successive habeas application that must be denied for lack of jurisdiction. Reasonable jurists would not find this conclusion debatable. Consequently, a certificate of appealability will not be issued.

**VI. CONCLUSION**

The court will deny petitioner's motion to reopen his habeas proceeding filed pursuant to Federal Rule of Civil Procedure 60(b)(6). An appropriate order will be entered.